**BLAZEK v. X–L REFRIGERATING CO. et al.**

**No. 4267.**

Circuit Court of Appeals, Seventh Circuit.

June 10, 1930.

Samuel W. Banning, of Chicago, Ill., for appellant.

C. Paul Parker and Earl C. Carlson, both of Chicago, Ill., for appellees.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

This appeal is from a decree dismissing appellant's suit brought to recover damages arising out of the alleged infringement of patent No. 1,553,846, dated September 15, 1915, and covering a refrigerating system. Appellees' defenses were built on alleged noninfringement and invalidity. To support their claim of invalidity, appellees assert (a) that the invention was anticipated, (b) prior public use, and (c) that the inventor, Blazek, obtained his ideas respecting the invention from one Bloom, who was the inventor, if the structure was in fact patentable.

The cause was referred to a master who found that the defense of prior public use was not established, but that the structure embodied in claim 5, the only one in issue, did not, in view of the prior art, constitute invention. Upon exceptions to the master's report, the cause was presented to the district judge who found not only that the patent was invalid for want of patentable novelty over the prior art, but also that the patent was not infringed if valid.

In our opinion, the defense of invalidity for want of patentable novelty is the only one that requires consideration.

In his specifications patentee says that his system is one "which utilizes jets of cold brine or other refrigerating medium for the purpose of cooling the air within the compartment wherein perishable articles are stored, and for the purpose of establishing air currents which will tend to withdraw the warmer air from the upper portions of the chamber or compartment, and, after cooling the same, recirculate the air back to the starting point."

It "is peculiarly adapted for use in the construction of refrigerating display counters, in that it permits the use of the entire upper portion of the counter for display purposes, and obviates the necessity for providing ice chambers, or the like, which will interfere with the display of goods and are otherwise objectionable, since they frequently interfere with easy access to the goods on display."

Claim 5 reads:

"In a refrigerating counter, a structure having means for dividing it into a relatively high and capacious display compartment for the housing of perishable articles, and a relatively low and restricted underlying spraying space, said spraying space being in communication at each end with the overlying display compartment through air upflow and downflow passages respectively, a spraying pipe adapted to discharge into the spraying space and located in proximity to the downflow air passage, and provided on the side fronting the spraying space with a discharge opening toward said space adapted to direct the flow of a jet of cooling liquid beneath the base of the display compartment to induce air currents through the relatively restricted spraying space and upwardly through the air upflow passage toward which the jet is directed and to cause said air currents to return through the downflow air passage, the base of the spraying space being provided with a drain passage, a brine cooling tank in communication with said drain passage, and a pump in communication on its intake side with the brine tank and on its discharge side with the spray pipe, and means for operating the pump, substantially as described."

Two patents, one to Gardner and one to Moorehead, are enlightening. The latter covered a refrigerator showcase of several compartments. It is for the display of meats, vegetables, etc. The upper compartment was the display case. Another compartment, somewhat smaller and located below, held a cake of ice. Adjacent to this lower compartment and opening into it was one containing an electrically operated fan which drove the air from the ice compartment up through an opening leading to the display compartment, across it, and down an opening in the floor of the same compartment on the opposite side. The Gardner patent also covers refrigerating apparatus necessitating the use of compartments and the propelling of air

cooled by sprays of chilled brine driven by a motor through nozzles. It differs from the patent in suit in two respects. First, its cooling chamber is located at the top while Blazek's is at the bottom of the counter. Likewise, it was not intended for a display counter, but merely refrigeration.

Both structures, however, broadly speaking, made use of compartments, one to store the meat to be displayed and one for holding the cooling material. Each used a motor to drive cooled salt brine through sprays thereby cooling the air and forcing this chilled air through an opening or air passageway in the wall that separates the two compartments and over and across the food and out another air passageway at the opposite end of the food compartment and back to the starting place. Appellant, it is true, has this latter apartment divided into two separate compartments, one above the other. This is an immaterial difference, however, and one that appellant cannot insist upon, for appellees' structure differs from appellant's in that it has but one compartment for its cooling and spraying devices.

If Gardner's structure was turned upside down, we would have appellant's structure. The district court held that because appellees' system did not have the three compartments it did not infringe. But setting this distinction to one side as nonessential, we have in Gardner's system inverted, the appellant's structure. Appellant, by this structure, placed his compartment holding the food at the top. Gardner had no such thought but merely sought to cool the food. To relocate the compartment holding the meat and place it at the top of the counter so that it could be used as a display counter, and place the spraying compartment below instead of above the compartment containing the meat, did not, in our opinion, constitute invention.

The decree is

Affirmed.